JODI LINKER
Federal Public Defender
Northern District of California
SAMANTHA JAFFE
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, California 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:       Samantha_Jaffe@fd.org

Counsel for Defendant Weilert

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON WEILERT,<br><br>Defendant. | **Case No.:** CR 22–00282- WHO<br><br>**SUPPLEMENTAL SENTENCING MEMORANDUM**<br><br>**Court:** Courtroom 1, 17th Floor<br>**Hearing Date:** April 17, 2025<br>**Hearing Time:** 1:30 p.m. |

Brandon Weilert was arrested and charged, via criminal complaint, on July 12, 2022. He remained in custody until August 3, 2022, when he was released to attend New Bridge Foundation's residential program. He remained at New Bridge for four months, until December of 2022. He pled guilty on September 8, 2023, ten months later.

Mr. Weilert began CAP on March 21, 2024, a year and a half after he first went to New Bridge, after the first sentencing hearing in this case.[1] He had no compliance issues on supervision before

---

[1] At that sentencing, Judge Illston referred the case to CAP. Probation Memorandum at 2-3. This

1  CAP, and none while in the CAP program. In his very first phase-up essay for CAP Mr. Weilert
2  wrote: "I have set a goal of trying to complete CAP with no set backs by remaining sober and
3  keeping up with all requirements." He has accomplished that goal, and more.
4      Now, in April of 2025, nearly three years from the arrest in this case, the person before this
5  Court for sentencing is a wholly different person than the one arrested in July of 2022. Mr. Weilert
6  not only completed New Bridge, not only began CAP in March of 2024, and has not only "been
7  present and participated in all CAP meetings" and "been compliant throughout CAP," he is also one
8  of "very few participants" able to complete the CAP program without any compliance issues. Revised
9  Final PSR at ¶ 8. This Court knows, likely better than anyone except for Pretrial and Mr. Weilert
10 himself, how impressive that is. In Mr. Weilert's phase three essay he wrote: "I never thought I
11 would be where I'm at today. Developing the right tools has made a significant difference in my life
12 and hopefully I can continue to use them for years to come."
13     In light of Mr. Weilert's sustained progress in CAP, and, even before that, his progress while
14 on supervision, the defense request at sentencing is a time-served sentence with only one year of
15 supervised release to follow. That request is animated by the depth to which Mr. Weilert has
16 demonstrated, since the moment he got out of custody and into New Bridge, how seriously he takes
17 this case and his own rehabilitation. He has also demonstrated since the moment he left New Bridge
18 that he is capable of being in the community and making the right choices, even when they are hard.
19 The length of time Mr. Weilert has been on supervision without incident: nearly three years, also
20 supports a sentence to a reduced supervised release term in this very specific case.

21     **I.    Mr. Weilert's Background**

22     Mr. Weilert's father is in prison, and was sentenced to life: he has been in prison since Mr.
23 Weilert was two years old. PSR at ¶ 48. Mr. Weilert's mother, Vytores, raised him. His stepfather,
24 Steven Newnham, verbally abused him and treated him as less important than his sisters. PSR at ¶¶
25 50, 56. Mr. Weilert's other male role models growing up, his older sisters' boyfriends, were involved
26 in gang activity and drug dealing. PSR at ¶ 51. Mr. Weilert's ACES score was a 5/10, which indicates

27 ───────────────────────────
28 Court has the discretion to sentence Mr. Weilert to whatever term of incarceration and supervision this Court deems fit.

SUPPLEMENTAL SENTENCING MEMORANDUM
*WEILERT*, CR 22–00282- WHO
2

a high rate of traumatic events around abuse, neglect, and dysfunction when Mr. Weilert was young. PSR at ¶ 63.

Mr. Weilert was never provided the tools or support he needed to succeed when he was young. It animates his criminal history, his addiction, and the choices he made before July of 2022. And that is why the turnaround Mr. Weilert has shown throughout this case, even before he entered CAP but certainly during the duration of the program, is so remarkable. Mr. Weilert, through New Bridge, aftercare, and the CAP program, has managed to create tools and support for himself, in spite of growing up without the benefit of either.

## II.    Mr. Weilert's Addiction

Mr. Weilert's criminal history started when he was 20, with a DUI. PSR at ¶ 36. His criminal history escalated as his addiction did. He started drinking and smoking marijuana as a young teenager, and escalated to cocaine use at 18. He started using methamphetamine at 16 and began using heavily in his late 20s. He abused oxycodone and hallucinogens. By the time he was in his late 20s and early 30s, in the years precipitating this offense, he was using methamphetamine, heroin, and fentanyl interchangeably, had overdosed on fentanyl multiple times and "was selling drugs to stay high." PSR at ¶¶ 64-65. This is reflected in not only Mr. Weilert's criminal history, but the offense conduct in this case.

Mr. Weilert himself discussed the effects of drugs on his choices in his Phase 1 CAP essay, writing about how drugs and alcohol are the single biggest factor in his criminal record and arrest history. Mr. Weilert also described what drugs and alcohol have cost him: years of his freedom, the life of his best friend from childhood (who died from an overdose), relationships with his family and past partners, his physical possessions on multiple occasions, and "many other lives" he can't even count from his involvement in drug dealing. Mr. Weilert's addiction was the driving force in his life and his choices for many years, which makes the new choices he has been making for the last three years even more important, and impressive.

## III.   Mr. Weilert's Transformation

From the day Mr. Weilert was released from custody in this case in August of 2022 he understood that this was the moment where he needed to make a change. New Bridge was Mr.

Weilert's first experience with residential treatment. PSR at ¶ 66. He took it seriously, and the results speak for themselves: he transitioned successfully from New Bridge to the Sober Living Environment, and then into his own apartment in Berkeley, CA. This is no small feat. Mr. Weilert has managed, in less than three years, to completely turn his life around. He has been working at Andronico's, the supermarket in Berkeley, since January 2023. He has not had a single positive drug test since entering New Bridge in August 2022.

Mr. Weilert is a testament to what alternative courts can provide. He is an example of someone who, when given a chance, when given some help, when given structure, has thrived, regardless of his past choices. He has been nothing but responsible, thoughtful, and mature throughout this process. Mr. Weilert has demonstrated a tremendous capacity for change, and has demonstrated to all parties that past convictions and past criminal contacts are not dispositive for future outcomes.

Mr. Weilert's phase up essays and his relapse prevention plan show the tremendous progress he has made. He recognizes the importance of building a strong support network, and has surrounded himself with sober people who have his best interests at heart, through New Bridge and AA/NA meetings. He also been employing healthy coping strategies like exercise and communication. He has worked on time management, emotional vulnerability, and establishing a consistent routine. Finally, he recognizes the people, places, and things that are triggers for him.

In nearly three years since this case commenced there have been no positive drug tests, no police contacts, no allegation that Mr. Weilert is doing anything other than what he is supposed to do. He has stayed away from "old stomping grounds" and has cut ties with folks from his old life.

Accordingly, the defense request in this case, in light of Mr. Weilert's sustained progress from August 3, 2022, through today, is a time-served sentence and one year of supervised release. The defense believes that takes into account Mr. Weilert's specific background and the relevant sentencing factors in this case, and also takes into account his unbelievable progress and work, since August of 2022, to become the best version of himself, a version that is sober, responsible, and committed to living a law-abiding life.

|  |  |
|---|---|
| Dated: April 9, 2025 | Respectfully submitted, |
|  | JODI LINKER<br>Federal Public Defender<br>Northern District of California |
|  | /S<br>SAMANTHA JAFFE<br>Assistant Federal Public Defender |